IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AUNTY TOOTIE'S, INC. | ) | |
| 3618 Reserve Drive | ) | |
| Medina, Ohio 44256 | ) | |
| | ) | CASE NO.: _____ |
| PLAINTIFF | ) | |
| | ) | JUDGE: _____ |
| V. | ) | |
| | ) | |
| ROUSH'S MARKET, INC. | ) | |
| 554 West Thornton Street | ) | |
| Akron, Ohio  44307 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DIAMOND K MEATS, INC. | ) | |
| d/b/a CHEF-KO WHOLESALE MEATS | ) | |
| 2700 East 40th Street | ) | |
| Cleveland, Ohio  44115 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CARL VENNITTI, JR. | ) | |
| 1291 North Road, N.E. | ) | |
| Warren, Ohio  44483 | ) | |
| DEFENDANTS | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION,
AND MISAPPROPRIATION OF TRADE SECRET**

Now comes Plaintiff Aunty Tootie's, Inc. and, for its Complaint against Defendants

Roush's Market, Inc., Diamond K Meats, Inc., and Carl Vennitti, Jr., states as follows:

1

## JURISDICTION AND VENUE

1.  This is a civil action for trademark infringement and inducement of infringement under 15 U.S.C. § 1114(1), false designation of origin and unfair competition under 15 U.S.C. § 1125(a); trademark infringement and unfair competition under the common law of the State of Ohio; and misappropriation of trade secret under Ohio Revised Code § 1333.61 *et seq.*

2.  The Court has original jurisdiction over the subject matter of this action by virtue of the provisions of §§ 1331 and 1338(a) of Title 28 of the United States Code and pendant jurisdiction over the associated claims under § 1338(b) of Title 28 in that such claims are joined with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq*.

3.  Venue is proper in this Court pursuant to § 1391 (b)(1) of Title 28 of the United States Code, as defendants reside in this state and in this district.

## THE PARTIES

4.  Plaintiff, Aunty Tootie's, Inc. ("Aunty Tootie's"), is a corporation of the state of Ohio having its principal place of business in this district at 3618 Reserve Drive, Medina, Ohio 44256.

5.  Defendant, Roush's Market, Inc. ("Roush's"), is a corporation of the state of Ohio having its principal place of business at 554 West Thornton Street, Akron, Ohio 44307.

6.  Defendant, Diamond K Meats, Inc. d/b/a Chef-Ko Wholesale Meats ("Chef-Ko"), is a corporation of the state of Ohio having its principal place of business at 2700 East 40th Street, Cleveland, Ohio 44115.

7.  Defendant, Carl Vennitti, Jr. ("Vennitti"), is an individual residing at 1291 North Road, N.E., Warren, Ohio 44483.

2

## GENERAL ALLEGATIONS

8.     Aunty Tootie's is engaged in the business of manufacturing and/or licensing others to manufacture chitterlings in accordance with a proprietary process and recipe owned by Aunty Tootie's, and qualifying as a trade secret pursuant to Ohio Revised Code § 1333.61(D).

9.     Aunty Tootie's owns exclusive rights in the trademark AUNTY TOOTIE'S as used for chitterlings, as evidenced by U.S. Trademark Registration No. 4,390,574, attached hereto as EXHIBIT 1.

10.     On or about October 12, 2012, Aunty Tootie's licensed Aunty Tootie's, LLC, a limited liability company of Ohio, to manufacture and sell chitterlings in accordance with the process and recipe of Aunty Tootie's and under the mark AUNTY TOOTIE'S.

11.     Pursuant to the license, Aunty Tootie's, LLC, manufactured chitterlings in the summer of 2013, the last manufacture of such chitterlings occurring on or about August 30, 2013.  Such chitterlings were packaged in Aunty Tootie's packaging bearing the likeness of Althea B. Walker (known as "Aunty Tootie") and prominently bearing the trademark AUNTY TOOTIE'S.

12.     The license from Aunty Tootie's to Aunty Tootie's, LLC, was revoked on or about October 25, 2013.

13.     Upon information and belief, Vennitti is associated with Chef-Ko as a territorial manager.

14.     Upon information and belief, Vennitti has wrongfully taken possession of the aforesaid trade secret and at least certain of the chitterlings manufactured on or before August 30, 2013, as referenced above, and has done so without the authorization or approval of Aunty Tootie's.

3

15.     Upon information and belief, Vennitti has provided the chitterlings packaged in the packaging identified above and prominently bearing the likeness of Ms. Walker and the trademark AUNTY TOOTIE'S to Chef-Ko for distribution.

16.     Upon information and belief, Chef-Ko has provided the chitterlings in the packaging identified above and bearing the mark AUNTY TOOTIE'S to Roush's for retail sale to the public.

17.     Upon information and belief, Vennitti has also unlawfully used the trade secret proprietary process and recipe of Aunty Tootie's to make additional chitterlings, which he has provided to Chef-Ko for distribution to the public, including Roush's.

18.     Upon information and belief, Vennitti has generated a second label for the packaging of chitterlings distributed as aforesaid, such label bearing the mark "Aunt Tootie's" and indicating that such chitterlings are "Manufactured by Aunty Tootie's, LLC, attached hereto as EXHIBIT 2.

19.     All of the activities above with regard to Vennitti, Chef-Ko, and Roush's have been without the approval or control of Aunty Tootie's.

20.      Upon information and belief, the chitterlings transferred from Vennitti to Chef-Ko to Roush's for sale under the marks AUNTY TOOTIES and/or "Aunt Tootie's" have all been transferred at a price well below the basic cost of the unprocessed chitterlings, all to the great and continuing damage to the goodwill associated with the mark AUNTY TOOTIE'S.

21.     Upon information and belief, Vennitti wrongfully acquired the chitterlings in issue and/or made additional chitterlings with the trade secret process and recipe that he wrongfully took from Aunty Tootie's, and both Chef-Ko and Roush's knew or have had reason to know that Vennitti sold those chitterlings, or encouraged their sale, without any right or title in

and to the chitterlings or the associated trademark AUNTY TOOTIE'S or any mark confusingly similar thereto such as "Aunt Tootie's."

## COUNT I—FEDERAL SERVICE MARK INFRINGEMENT

22.     Aunty Tootie's restates the allegations set forth in paragraphs 1-21 above as if fully rewritten.

23.     Each of Vennitti, Chef-Ko, and Roush's have, by their sale of product under the federally registered trademark AUNTY TOOTIE'S and the confusingly similar mark "Aunt Tootie's," committed trademark infringement in violation of 15 U.S.C. § 1114(1).

24.     For the reasons set forth above, the unauthorized use of the federally registered mark AUNTY TOOTIE'S and the mark "Aunt Tootie's" have been willful and with the intention of causing confusion, mistake or deception, and to wrongfully trade upon the goodwill associated with the mark AUNTY TOOTIE'S.

## COUNT II – INDUCEMENT OF INFRINGEMENT

25.     Aunty Tootie's restates the allegations set forth in paragraphs 1-24 above as if fully rewritten.

26.     As presented above, the unauthorized use of the federally registered trademark AUNTY TOOTIE'S and confusingly similar mark "Aunt Tootie's" have been at the direction of Vennitti.

27.     By his conduct, Vennitti has intentionally induced Chef-Ko and Roush's to infringe Aunty Tootie's federally registered trademark AUNTY TOOTIE'S.

28.     Vennitti's conduct constitutes inducement of infringement of the registered trademark AUNTY TOOTIE'S in violation of 15 U.S.C. § 1114(1).

## COUNT III

## FALSE DESIGNATION AND UNFAIR COMPETITION

29.     Aunty Tootie's restates the allegations set forth in paragraphs 1-28 above as if fully rewritten.

30.     The use by Vennitti, Chef-Ko and Roush's of Aunty Tootie's mark and a confusingly similar mark as described above is not authorized.  The use of such marks by defendants is likely to cause confusion, mistake or deception among purchasers and potential purchasers of the chitterlings sold thereunder as to the source or origin of the chitterlings sold by defendants by reason of the fact that such purchasers would believe that defendants' use is approved by, sponsored by, or endorsed by Aunty Tootie's.

31.     Defendants' use of Aunty Tootie's trademark rights is likely to cause confusion, mistake or deception among third-party purchasers of the chitterlings under the mark AUNTY TOOTIE'S as a consequence of defendants trading on the goodwill associated with the mark AUNTY TOOTIE'S.

32.     The confusion, mistake or deception referred to herein arises out of the unauthorized use of the mark AUNTY TOOTIE'S, which constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

33.     Aunty Tootie's restates the allegations set forth in paragraphs 1-32 above as if fully rewritten.

34.     By the acts of Vennitti, Chef-Ko, and Roush's as set forth above, such defendants have engaged in trademark infringement and unfair competition under the common law of the State of Ohio.

35.     Defendants have intentionally deceived the public by misrepresenting that their chitterlings have been under the control, sponsorship and authorization of Aunty Tootie's.

36.     Based upon the facts stated above, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake, or deception.


## COUNT V

## MISAPPROPRIATION OF TRADE SECRETS

37.     Aunty Tootie's restates the allegations set forth in paragraphs 1-36 above as if fully rewritten.

38.     The proprietary process and recipe of Aunty Tootie's for manufacturing chitterlings constitutes information defined as a trade secret under Ohio Revised Code § 1333.61(D) for at least the reason that it comprises a process, procedure, formula, method, and/or technique that derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and has been the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

39.     Upon information and belief, Vennitti has misappropriated the aforesaid trade secret of Aunty Tootie's, and put the proprietary process and recipe of Aunty Tootie's to use in unlawfully manufacturing chitterlings and offering for sale and selling such chitterlings.

40.     As a consequence of such misappropriation and use, Aunty Tootie's has suffered actual loss and Vennitti has been unjustly enriched.

41.     The misappropriation of the aforesaid trade secret and its use has been willful and malicious and the Court should award punitive or exemplary damages in this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Aunty Tootie's prays that:

A.     Each of the defendants, jointly and severally, be found to be liable for infringement of the federally registered trademark AUNTY TOOTIE'S, and that they be required to account to Aunty Tootie's for all profits realized by them, all damages sustained by Aunty Tootie's by reason of trademark infringement and unfair competition and Aunty Tootie's costs.

B.     Aunty Tootie's recover damages from Vennitti to the extent that he directed the infringement of the trademark AUNTY TOOTIE'S.

C.     Aunty Tootie's receive judgment in an additional amount up to three times its actual damages as a consequence of the willful behavior of defendants.

D.     Defendants, and each of them, be barred from any further use of the trademark AUNTY TOOTIE'S or any colorable imitation thereof including, but not limited to, "Aunt Tootie's.

E.     Aunty Tootie's recover its actual damages from Vennitti for any misappropriation of its trade secrets, enhanced by any unjust enrichment of Vennitti as a consequence of such misappropriation, but in no event less than a reasonable royalty.

F.      Aunty Tootie's be further awarded punitive or exemplary damages of up to three times the award from ¶ E above as a consequence of the willful and malicious misappropriation of Aunty Tootie's trade secret.

G.      Aunty Tootie's recover from defendants the cost of this action.

H.      Aunty Tootie's recover from defendants reasonable attorney fees in this matter, the actions herein having been willful and malicious.

I.      Aunty Tootie's have such other and further relief as this Court may deem just and equitable.

## JURY DEMAND

Aunty Tootie's demands a trial by jury as to those issues raised herein to which a jury may be had as a matter of law.

Respectfully submitted,

s:/Ray L. Weber
Ray L. Weber          (0006497)
Laura J. Gentilcore    (0034702)
Mark L. Weber         (0072078)
RENNER, KENNER, GREIVE, BOBAK,
TAYLOR & WEBER
106 South Main Street, Suite 400
Akron, OH 44308
Telephone:  (330) 376-1242
Fax:  (330) 376-9646
E-mail: rlweber@rennerkenner.com
E-mail: ljgentilcore@rennerkenner.com

*Attorneys for Plaintiff*