UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AUNTY TOOTIE'S INC., | ) | CASE NO.:5:15-CV-0054 |
| Plaintiff. | ) | |
| | ) | |
| vs. | ) | JUDGE DANIEL AARON POLSTER |
| | ) | |
| | ) | REPORT OF PARTIES' PLANNING |
| ROUSH'S MARKET,INC., et al., | ) | MEETING UNDER FED.R.CIV.P. 26(f) |
| | ) | AND LR 16.3(B)(3) |
| Defendants. | ) | |

1. Pursuant to Fed.R.Civ.P. 26(f) and LR 16.3(b)(3), a meeting was held on March 31, 2015, at 2:45 p.m. and was attended by:

Ray Weber
Laura Gentilcore                                                                 Aunty Tootie's, Inc.
_____, Counsel for plaintiff(s) _____
Edward Gilbert                                                                   Aunty Tootie's Inc.
_____, Counsel for plaintiff(s) _____
Mark Greer                                                                       Roush's Market Inc.
_____, Counsel for defendant(s) _____
Barry Freeman                                                                    Diamond K. Meats, Carl Vennitti
_____, Counsel for defendant(s) _____

2. The parties:

_____ have not been required to make initial disclosures.

__X__ have agreed to exchange the pre-discovery disclosures required by Fed.R.Civ.P. 26(a)(1) and the Court's prior order by **APRIL 16, 2015**;

_____ Expedited            __X__ **Standard**            _____ Complex

_____ Administrative            _____ Mass Tort

Page **1** of **3**

This case is suitable for one or more of the following Alternative Dispute Resolution (ADR) mechanisms:

\_\_\_\_\_ Early Neutral Evaluation        __X__ **Mediation**        \_\_\_\_ Arbitration

\_\_\_\_\_ Summary Jury Trial        \_\_\_\_\_ Summary Bench Trial

\_\_\_\_\_ Case not suitable for ADR

5. The parties \_\_\_\_\_ do __X__ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6. The parties agree that this case __X__ does \_\_\_\_\_ does not involve electronic discovery.

7. Recommended Discovery Plan (**Counsel are reminded to review the default standard for e-discovery set forth in Appendix K to the Local Rules**):

(a) Describe the subjects on which discovery is to be sought, the nature and extent of discovery and any potential problems: **Standard written discovery and depositions on the issues of the nature and ownership of any pertinent trade secrets in issue; the amount of product sold, to whom, and the profitability (if any) enjoyed; whether there was any violation of the Lanham Act and, if so, assessment of actual damages, price erosion, and diminution of the value of the Aunty Tootie's mark.**

(b) Describe anticipated e-discovery issues (i.e., what ESI is available and where it resides; ease/difficulty and cost of producing information; schedule and format of production; preservation of information; agreements about privilege or work-production protection, etc.): **Plaintiff will need a detailed report on sales and profits of Defendants. Plaintiff further questions as to whether relevant documents have been maintained. Plaintiff is not making any allegation at this time that defendants destroyed documents, but**

**it is concerned about a missing PC that may contain relevant documents.  No specific issues are presently contemplated.**

      (c)    Describe handling of expert discovery (i.e., timetable for disclosure of names and exchange of reports, depositions):

**The parties do not presently contemplate the need for experts.**

      (d)    Discovery Deadlines:

          (i)    Liability:  **NOVEMBER 16, 2015**

          (ii)    Damages:  **NOVEMBER 16, 2015**

8.    Recommended dispositive motion date:  **DECEMBER 18, 2015**

9.    Recommended cut-off for amending the pleadings and/or adding additional parties:  **JUNE 15, 2015**

10.    Recommended date for status hearing and/or final pretrial settlement Conference:  **NOVEMBER 16, 2015 FOR STATUS HEARING**

11.    Other matters for the attention of the court:  **None presently contemplated.**

                                  s:/Ray L. Weber  
                                Ray L. Weber, Attorney for Plaintiff

                                s:/Edward Gilbert  
                                Edward Gilbert, Attorney for Plaintiff

                                s:/Barry Freeman  
                                Barry Freeman, Attorney for Defendant

                                s:/Mark Greer  
                                Mark Greer, Attorney for Defendant